**COSTELLO & MAINS, LLC**
By: Deborah L. Mains, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE A. NUNEZ, | : |
| Plaintiff, | : CIVIL ACTION NO: |
| vs. | : |
| BMR LANDSCAPES LLC and JOHN DOES 1-5 AND 6-10, | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | : |

Plaintiff, Jose A. Nunez, residing in County of Cumberland, State of New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This action is brought by Plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL") and New Jersey Wage Payment Law ("NJWPL"). A claim is also made under the New Jersey Conscientious Employee Protection Act ("CEPA") alleging unlawful discharge.

### Jurisdiction and Venue

Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

Because Plaintiff and Defendants are residents of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

1. Plaintiff Jose A. Nunez is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendants.

2. Defendant BMR Landscapes LLC ("BMR") is a New Jersey limited liability company located at 119 Oak Street, Waterford Works, New Jersey 08089.

2a. BMR is an employer and an enterprise within the meaning of the FLSA, NJWHL and NJWPL

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4. Plaintiff was employed by the Defendants as a landscaper from April of 2019 until his last day of employment on November 11, 2019.

5. At all times, Plaintiff performed up to the reasonable expectations of his employer.

6. When Defendants hired Plaintiff they offered to pay him $15.00 per hour.

7. Defendant then changed Plaintiff's rate to $13.00 per hour during his first pay period.

8. Beginning in his second pay period, Plaintiff's pay never reflected his hours.

9. Plaintiff worked between 50 and 75 hours per week throughout his employment.

10. Plaintiff was never paid time and half for overtime hours that he worked.

11. Plaintiff was not paid for all of the hours that he worked.

12. Upon information and belief, Defendants adjusted Plaintiff's hours down in order to pay him less.

13. On several occasions, Plaintiff objected to BMR manager Bill Joas, and requested that Joas pay him for all of the overtime hours that he worked.

14. Plaintiff thereby engaged in CEPA-protected conduct.

15. On two occasions, Joas paid Plaintiff cash, totaling $1,000.00.

16. Plaintiff never received a paystub showing the amount of hours for which he was paid or the taxes that he paid.

17. Defendant also forced Plaintiff to accept his pay by direct deposit by telling him that he would be charged $65.00 per check to receive a paper paycheck.

18. On November 8, 2019, Plaintiff complained to Joas that he was still owed payment for his overtime hours.

19. Plaintiff thereby engaged in additional CEPA-protected conduct.

20. Joas responded that he was going to the bank and would return to the job site to pay Plaintiff for his overtime hours.

21. Joas never returned to the job site to pay Plaintiff on that day.

22. On November 11, 2019, Plaintiff told Joas that he was not coming back to work unless he was paid for all of the overtime hours that he was owed.

23. Plaintiff thereby engaged in further CEPA-protected conduct.

24. After this, BMR did not contact Plaintiff or pay his overtime hours, thereby terminating his employment.

25. A determinative and/or motivating factor in Plaintiff's discharge was his CEPA-protected activity.

26. As a result of the actions of Defendants, Plaintiff has suffered economic and emotional harms.

27. BMR willingly refused to pay overtime to Plaintiff in an amount equal to one and one half the regular hourly rate for all hours worked in excess of forty hours per week, despite his multiple requests for overtime pay for overtime hours.

28. As an hourly paid employee, Plaintiff cannot be deemed exempt from the overtime requirements of the FLSA or NJWHL, regardless of his job duties.

29. Defendants actions mandate the imposition of liquidated damages.

## COUNT I

### FLSA Violation

30. Plaintiff hereby repeats and re-alleges paragraphs 1 through 29, as though fully set forth herein.

31. Plaintiff regularly worked more than forty hours in a work week during the course of his employment with Defendants.

32. Defendants failed to pay Plaintiff overtime compensation at one and one half times the regularly hourly rate for hours worked in excess of forty hours in a work week.

33. Defendants have violated 29 U.S.C. Sec. 207. By the above acts.

34. Plaintiff has suffered monetary damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Judgment:

(a) Declaring that the acts and practices complained of herein are in violation of the FSLA;

(b) Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) Enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) Directing Defendant to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) Granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

35. Plaintiff hereby repeats and re-alleges paragraphs 1 through 34, as though fully set forth herein.

36. Plaintiff regularly worked more than forty (40) hours in a work week during the course of his employment with Defendants.

37. Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of forty (40) hours in a work week.

38. Defendants have violated the New Jersey Wage and Hour Law by the above acts.

39. Plaintiff has suffered monetary damages as a result of Defendants acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

 (a) Declaring that the acts and practices complained of herein are in violation of the NJWHL;

 (b) Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

 (c) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

 (d) Granting such other and further relief as this Court deems necessary and proper.

## COUNT III

### Violation of the NJWPL

40. Plaintiff hereby repeats and re-alleges paragraphs 1 through 39, as though fully set forth herein.

41. Defendants failed to pay Plaintiff the full amount of wages due on each pay date and failed to provide statements of deductions made from Plaintiff's wages, in violation of the NJWPL.

42. Defendants, by the above acts, have violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

43. Plaintiff has suffered monetary damages as a result of Defendants acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

 (a) Declaring that the acts and practices complained of herein are in violation of the NJWPL;

   (b) Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid, liquidated damages, attorneys fees and costs; and

   (c) Granting such other and further relief as the Court deems necessary and proper.

## COUNT IV
## CEPA

 44. Plaintiff hereby repeats and re-alleges paragraphs 1 through 43, as though fully set forth herein.

 45. For the reasons set forth above, Defendants have unlawfully retaliated against Plaintiff in violation of CEPA

 WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V
## Request for Equitable Relief

 46. Plaintiff hereby repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

 47. Plaintiff requests the following equitable remedies and relief in this matter.

48. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

49. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

50. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

51. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

52. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

53. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

54. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit,

attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

                            **COSTELLO & MAINS, LLC**

Date: May 6, 2020                   By: **/s/ Deborah L. Mains**
                                        **Deborah L. Mains**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:  /s/ Deborah L. Mains
      Deborah L. Mains

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:  /s/ Deborah L. Mains
      Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**


By:  **/s/ Deborah L. Mains**
      **Deborah L. Mains**